**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **PHILANESHA BLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:24-CV-130-GNS** |
| | ) | |
| **INFOSYS BPM LIMITED,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1. Plaintiff, Philanesha Bland ("Bland"), by counsel, brings this action against Defendant, Infosys BPM Limited ("Defendant"), for violations of the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 et seq., the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e et seq, and the Kentucky Civil Rights Act ("KCRA").

## II. PARTIES

2. Bland is a resident of Jefferson County in the Commonwealth of Kentucky who, at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant routinely conducts business within the geographical boundaries of the Western District of Kentucky.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. §2617(a)(2); 42 U.S.C.§12117; and 42 U.S.C. 2000e-5(f)(3).

5. Jurisdiction is conferred on Bland's state law claims pursuant to 28 U.S.C.§1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. §12111(5), 42 U.S.C. §2000e(b), and KRS 344.030(2).

7. Bland is an "employee," as that term is defined by 29 U.S.C. §2611(2), 42 U.S.C.§12111(4), 42 U.S.C. §2000e(f), and KRS 344.030(5).

8. Bland is an "eligible employee," as that term is defined by 29 U.S.C. §2611(2).

9. Bland is an individual with a "disability," as that term is defined under 42 U.S.C.§ 12102. Defendant was aware of Bland's disability and/or regarded her as a disabled individual.

10. Bland satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 410-2023-10305) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her disability, race, and retaliation for engaging in a protected activity. Bland received the required Notice of her Right to Sue on January 31, 2024, and timely files this action.

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. On or around June 28, 2021, Bland, a Black individual, began working for Defendant as a Senior Process Associate.

13. At all relevant times, Bland met or exceeded Defendant's legitimate performance expectations.

14. In or around July 2021, Bland was diagnosed with arthritis and a degenerative disk, which causes debilitating back pain. Around this time, Bland was diagnosed with anxiety. Bland is a qualified individual with a disability, as that term is defined by the ADA.

15. Defendant knew of Bland's disability and/or regarded her as a disabled individual. Specifically, since 2022, Bland has utilized intermittent FMLA and has spoken to her Supervisor, Joel Greigo ("Greigo"), a Human Resources Employee for the Defendant, Kamani Gowdaa ("Gowdaa"), and Gonzalo Rincon ("Rincon"), a Labor Relations Representative, openly about her disability, use of FMLA, and how work impacted her disability.

16. In or around August 2022, Bland requested and was approved for intermittent FMLA for her disability. In or around March 2023, Bland began using more of her allotted FMLA days to attend doctor's appointments due to increased stress.

17. Despite receiving reviews every six (6) months and meeting Defendant's legitimate performance expectations, Defendant failed to offer Bland raises commensurate with her progress or mentor her to advance within the company. Instead, Defendant promoted, offered raises, and mentored similarly situated individuals outside of Bland's protected class, including but not limited to the following:

a. In or around October 2022, Lisa Mendez ("Mendez"), a non-Black, non-disabled individual, received a promotion following the October 2022 evaluation period to Team Lead. Mendez was hired by Defendant in or around 2021 and was promoted again to Assistant Manager in 2022. Neither position was posted by Defendant, and Bland was not given the opportunity to apply for either position.

b. In or around April 2023, Rupali Yadav ("Yadav"), a non-Black, non-disabled individual, received a promotion following the April 2023 evaluation period to Team Lead. Yadav was hired by Defendant in or around 2021/2022 and was promoted again to Assistant Manager in 2023. Neither position was posted by Defendant, and Bland was not given the opportunity to apply for either position

c. In or around December 2022, Lauren Price ("Price"), a Caucasian, non-disabled individual, received her end-of-the-year bonus. Price was hired by Defendant in or around June 2021. Bland was not provided a reason by Defendant why Price received her bonus, and Bland did not.

18. In or around May 2023, Bland engaged in protected activity by directly telling Gowdaa and Rinconthat that Griego, a non-Black, non-disabled individual, was intentionally mishandling her FMLA requests and had begun to treat her differently due to her increased FMLA usage. For example, when Bland would email in to utilize her FMLA, her emails were frequently ignored. Defendant failed/refused to take any remedial action against Griego.

19. After Bland engaged in protected activity, Griego's correspondence with Bland became hostile and disrespectful. Griego assigned work to Bland beyond her level of training. There have been multiple occasions when Griego accused Bland of not following tracking production protocol and alleged she was not properly working her accounts correctly. On another occasion, Griego intentionally failed to approve Bland's timecard, causing her a loss of pay of several hours hours, and it took Defendant two (2) months to remit payment to Bland for the hours worked. All of these moments triggered Bland's anxiety.

20. Despite possessing the requisite skill, experience, and education and repeatedly requesting to be mentored for growth and advancement for nearly three (3) years, Bland has been continuously passed over for promotions for which she applied and has seen others receive positions that were either not posted or communicated to Bland as being open. Defendant has historically displayed a pattern of preferential treatment to similarly situated individuals outside of Bland's protected class(es).

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I: FMLA – Retaliation</u>

21. Bland hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Defendant has subjected Bland to disparate treatment and a hostile work environment in retaliation for exercising her rights under the FMLA.

23. Defendant's actions were intentional, willful, and in reckless disregard of Bland's rights as protected by the FMLA.

24. Bland suffered and continues suffering damages as a result of Defendant's unlawful actions.

**COUNT II: ADA & KCRA – Disability Discrimination**

25. Bland hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26. Bland is a qualified individual with a disability, as that term is defined by the ADA. The defendant is aware of Bland's disability and/or regards Bland as a disabled individual.

27. Defendant has subjected Bland to disparate treatment and a hostile work environment due to her real or perceived disability.

28. Defendant's actions were intentional, willful, and in reckless disregard of Bland's rights as protected by the ADA & KCRA.

29. Bland suffered and continues suffering damages as a result of Defendant's unlawful actions.

**COUNT III: ADA & KCRA – Disability Retaliation**

30. Bland hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31. Bland engaged in a protected activity when she complained about disparate treatment and a hostile work environment due to her disability.

32. Defendant retaliated against Bland by subjecting her to disparate treatment and a hostile work environment.

33. Defendant's actions were intentional, willful, and in reckless disregard of Bland's rights as protected by the ADA & KCRA.

34. Bland suffered and continues suffering damages as a result of Defendant's unlawful actions.

**COUNT IV: TITLE VII & KCRA – Race Discrimination**

35. Bland hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint as if the same were set forth at length herein.

36. Bland is a Black individual.

37. Defendant has subjected Bland to disparate treatment and a hostile work environment due to her race.

38. Defendant's actions were intentional, willful, and in reckless disregard of Bland's rights as protected by the Title & KCRA.

39. Bland suffered and continues suffering damages as a result of Defendant's unlawful actions.

**COUNT V: TITLE VII & KCRA – Retaliation**

40. Bland hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint as if the same were set forth at length herein.

41. Bland engaged in a protected activity when she complained about differential treatment and a hostile work environment due to her race.

42. Defendant retaliated against Bland by subjecting her a hostile work environment.

43. Defendant's actions were intentional, willful, and in reckless disregard of Bland's rights as protected by the Title & KCRA.

44. Bland suffered and continues suffering damages as a result of Defendant's unlawful actions.

45. Bland suffered and continues suffering damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Philanesha Bland, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from discriminating and retaliating against any employee on the basis of their disability and/or race;

2. Award Bland all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Award Bland compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Award Bland compensatory damages;

5. Award Bland punitive damages;

6. Award Bland all costs and attorney's fees incurred as a result of bringing this action;

7. Award Bland pre- and post-judgment interest on all sums recoverable; and

8. Award Bland all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych________________
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991.4765
Facsimile: (812) 424.1005
Email: ad@bdlegal.com

*Counsel for Plaintiff, Philanesha Bland*

**DEMAND FOR JURY TRIAL**

Plaintiff, Philanesha Bland, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych________________
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991.4765
Facsimile: (812) 424.1005
Email: ad@bdlegal.com

*Counsel for Plaintiff, Philanesha Bland*